Sarbjit KAUR, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4881–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, N.Y., for petitioner.

Frances Reddis, Assistant United States Attorney, for Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Kansas City, MO, for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. RALPH K. WINTER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Sarbjit Kaur, a native and citizen of India, seeks review of the August 18, 2004 order of the BIA affirming the September 2, 1998 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for asylum and withholding of removal. *In re Sarbjit Kaur,* No. A75 838 818 (B.I.A. Aug. 18, 2004), *aff'g* No. A75 838 818 (Immig. Ct. N.Y. City Sept. 2, 1998). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The only argument in petitioner's brief to the BIA is that the factual presentation made to the IJ satisfies the requirements for asylum; the brief does not attack (or provide reasons to attack) the IJ's adverse credibility finding. We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[F]ailure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue." *Zhong v. U.S. Dep't. of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007). Accordingly, because petitioner failed to challenge the adverse credibility finding to the BIA, we deem it waived.

Petitioner raises for the first time in her brief to this Court, a claim for relief under the Convention Against Torture, and therefore we do not consider it. *See Ivanishvili v. U.S. Dep't. of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part.